UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RICKEY MCFARLIN | CIVIL ACTION NO. 12-3033 |
| VERSUS | JUDGE ROBERT G. JAMES |
| NEW HAMPSHIRE INSURANCE CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

<u>RULING</u>

This is a personal injury and products liability action. Plaintiff Rickey McFarlin ("McFarlin") has sued Defendants Lee Allen Wyffels ("Wyffels"); Dealer's Choice Truckaway System, Inc. ("Dealer's Choice"); Dethmers Manufacturing Co., individually and doing business as Demco Products ("Demco"); and Gemini Insurance Co. ("Gemini") for damages he allegedly suffered as the result of an automobile accident.[1]

Pending before the Court are McFarlin's Motion *in Limine* [Doc. No. 112] and Demco and Gemini's Motion *in Limine* [Doc. No. 113]. For the following reasons McFarlin's Motion *in Limine* is GRANTED. Demco and Gemini's Motion *in Limine* is GRANTED IN PART AND DENIED IN PART.

I. **FACTS AND PROCEDURAL HISTORY**

The facts have been discussed at length in this Court's multiple summary judgment rulings. The factual recitation from the Court's more recent Ruling is incorporated herein. *See* [Doc. No.

---

[1] McFarlin has settled his case with Wyffels and Dealer's Choice. However, they have refused to file a motion to dismiss. These Defendants are the subject of a pending Motion to Drop Parties pursuant to Rule 21 [Doc. No. 117]. McFarlin filed no opposition to that motion, likely because Demco has stipulated that it will not raise an objection related to prescription.

110].

Procedurally, this Court has granted summary judgment on McFarlin's Louisiana Products Liability Act, LA. REV. STAT. § 9:2800.51 *et seq.*,("LPLA") claims for manufacturing defect, design defect, and inadequate warning. A breach of express warranty claim is all that remains. On July 1, 2016, both McFarlin and Demco and Gemini filed motions *in limine* in anticipation of trial in this matter, set for August 29, 2016 [Doc. Nos. 112 & 113]. Demco and Gemini did not file an opposition to McFarlin's Motion. McFarlin filed an opposition to Demco and Gemini's Motion [Doc. No. 127]. Demco and Gemini then filed a reply [Doc. No. 129].

**II.     LAW AND ANALYSIS**

    **A.     McFarlin's Motion *in Limine* [Doc. No. 112]**

McFarlin has filed a motion *in limine* to prohibit Defendants from presenting, introducing, or referencing the following evidence at trial in this matter:

1. McFarlin's business profits and losses;
2. McFarlin's personal or business tax returns;
3. McFarlin's criminal convictions or guilty pleas;
4. McFarlin's prior traffic citations;
5. McFarlin's prior lawsuits for credit card debt; and
6. McFarlin's prior bankruptcy filings.

Defendants did not file any opposition to this motion. Because the motion is unopposed, and because the Court finds it meritorious, McFarlin's Motion *in Limine* is GRANTED. *See, e.g, Esparza v. Cloonan*, 00-27, 2002 WL 34364149 at *1 (W.D. Tex. March 8, 2002) (granting motions *in limine* as unopposed); *Estate of Wilson v. Mariner Health Care, Inc.*, 2:07cv55, 2008 WL

5255819 at *1 (N.D. Miss. Dec. 16, 2008) (same); *Capatotta v. Entergy Corp.*, 94-3051, 1996 WL 411605 at *1 (E.D. La. July 19, 1996) (same).

### B. Demco and Gemini's Motion *in Limine* [Doc. No. 113].

Demco and Gemini have also filed a motion *in limine* to exclude certain evidence from trial.

#### 1. *The Origin of the Safety Cables, Tow bar, and Coupler*

Demco and Gemini ask the Court to exclude any evidence that the safety cables, tow bar, and/or coupler at issue were made in China, claiming such evidence is irrelevant to whether the products failed to conform to an express warranty. McFarlin claims the place of manufacture is relevant for two reasons. First, the LPLA requires McFarlin to establish that Demco either manufactured the cables or held itself out to be their manufacturer. Therefore, McFarlin claims he must show the cables were manufactured in China, but that Demco held itself out as their manufacturer. Second, McFarlin claims that he will have to prove that the safety cables were rated by Demco for use with towed loads weighing up to 14,000 pounds. McFarlin claims that Demco created this "express warranty," in part, using testing data from the Chinese manufacturing company.

The Court is not persuaded by these arguments. First, Demco has already stipulated–indeed, this Court granted summary judgment on the issue–that it held itself out as the manufacturer of the safety cables. See [Doc. Nos. 93 & 94]. Thus, no further proof is needed on that issue. Second, how Demco came up with the warranty is of dubious relevance. Even if it was relevant, the location of the company which provided the testing data is an unnecessary and irrelevant detail. Accordingly, to the extent Demco and Gemini seek to exclude evidence that the safety cables, tow bar, and/or coupler were originally manufactured in China, their Motion *in Limine* is GRANTED.

### *2. Evidence that the Tow Bar and Coupler Failed*

Demco and Gemini next argue that it would be unduly prejudicial to allow McFarlin to argue the tow bar and/or coupler failed because there has been no evidence of failure. However, as the Court discussed in its Ruling and Judgment on Demco's Motion for Summary Judgment [Doc. Nos. 110 &111], in the express warranty context, if the products failed to live up to a manufacturer's promise, then they failed. The Court will allow McFarlin's counsel to make that argument. Demco and Gemini can address any concerns about this phraseology through argument. Accordingly, to the extent Demco and Gemini seek to exclude any reference or evidence that the tow bar and/or coupler failed to live up to any express warranty made as to those products, their Motion *in Limine* is DENIED.

### III. CONCLUSION

For these reasons, McFarlin's Motion *in Limine* is GRANTED in its entirety. Demco and Gemini's Motion *in Limine* is GRANTED IN PART AND DENIED IN PART. To the extent Demco and Gemini seek to exclude evidence that the safety cables, tow bar, and/or coupler were originally manufactured in China, the motion is GRANTED. The motion is otherwise DENIED.

MONROE, LOUISIANA, this 9th day of August, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE