UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKEY MCFARLIN** | **CIVIL ACTION NO. 12-3033** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **NEW HAMPSHIRE INSURANCE CO., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is a personal injury and products liability action. Plaintiff Rickey McFarlin ("McFarlin") has sued Defendants Lee Allen Wyffels ("Wyffels"); Dealer's Choice Truckaway System, Inc. ("Dealer's Choice"); Dethmers Manufacturing Co., individually and doing business as Demco Products ("Demco"); and Gemini Insurance Co. ("Gemini") for damages he allegedly suffered as the result of an automobile accident.

Pending before the Court are Demco's "Motion to Sever Gemini Insurance Company" ("Motion to Sever") [Doc. No. 116] and Demco's "Motion to Drop Parties Lee Allen Wyffels, Dealer's Choice Truckaway System, Inc. and Their Respective Insurance Carriers" ("Motion to Drop Parties") [Doc. No. 117].

For the following reasons, Demco's Motion to Sever is DENIED. Instead, the Court will separate the issue of insurance coverage from the August 29, 2016 trial under Federal Rule of Civil Procedure 42(b) ("Rule 42") and hold a separate bench trial on the issue, if necessary. Further, Demco's Motion to Drop Parties is DEFERRED. The Court ORDERS Demco to file into the record a stipulation that it will not pursue a statute of limitations defense against McFarlin based on the

dismissal of all claims against Wyffels and McFarlin by **Friday, August 12, 2016**. Further, the Court gives notice of its intent to *sua sponte* DISMISS all claims against Wyffels and Dealer's Choice AS MOOT. Any party wishing to oppose the dismissal must file a memorandum of law by **Monday, August 22, 2016**.

I.     FACTS AND PROCEDURAL HISTORY

The facts have been discussed at length in this Court's multiple summary judgment rulings. The factual recitation from the Court's most recent Ruling is incorporated herein. *See* [Doc. No. 110].

On July 22, 2016 Demco filed its Motion to Sever, as well as its Motion to Drop Parties [Doc. Nos. 116 & 117]. McFarlin filed an opposition to the Motion to Sever, and Demco filed a reply [Doc. Nos. 133 & 137]. McFarlin did not file an opposition to the Motion to Drop Parties.

II.     LAW AND ANALYSIS

    A.     **Motion to Sever Gemini and the Issue of Insurance Coverage from Trial [Doc. No. 116]**

Although Gemini has been involved in this suit for years, until recently it did not contest its responsibility to Demco under the terms of the parties' insurance agreement. On July 13, 2016, Gemini issued a reservation of rights letter to Demco, in which it indicated that the policy might not cover certain liabilities potentially arising from a jury award in favor of McFarlin. Demco now moves the Court to sever Gemini and the issue of insurance coverage from this case under Federal Rule of Civil Procedure 21 ("Rule 21") which states that "any claim against a party may be severed and proceeded with separately."[1]

---

[1] Rule 21 should not be confused with Rule 42 which allows Courts to conduct separate trials in a single action. Rule 21 creates a separate action. "Determinations of claims that are

However, the Court finds that the issue is more properly addressed under Rule 42(b) which allows the Court, in furtherance of convenience, to order separate trials on separate issues so long as the right to a jury trial is not disturbed. *See* FED. R. CIV. P. 42(b). Separation under Rule 42(b) is preferable here because Rule 21 would necessitate an entirely new action, whereas, under Rule 42(b), the insurance issue remains part of this action, capable of resolution, if necessary, after the jury trial of McFarlin's LPLA claim.

Moreover, the Court finds that separation under Rule 42(b) is especially warranted in this case where the parties maintain–and the Court agrees–that the insurance coverage issue is one of law for the Court to decide. *See* [Doc. No. 131, Final Pretrial Order]. Thus, arguing this issue during the trial on the LPLA claim would only serve to needlessly detain the jury. Accordingly, Demco's Motion to sever is DENIED. Instead, the Court will separate the issue of insurance coverage under Rule 42(b). A bench trial on this issue may take place immediately following the jury trial, if necessary.[2]

### B. Motion to Drop Wyffels and Dealer's Choice [Doc. No. 117]

Demco has also filed a motion to drop Wyffels and Dealer's Choice from this suit. The issue stems from the fact that McFarlin has settled his dispute with Wyffels and Dealer's Choice, Wyffel's employer. Indeed, on July 5, 2016, counsel for Wyffels and Dealer's Choice filed a letter into the record, apprising the Court that those Defendants had settled their dispute with McFarlin. [Doc. No.

---

severed pursuant to Rule 21 are final and appealable without the need for certification under Rule 54(b)–unlike claims that are bifurcated under Rule 42(b)." *See Official Committee of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 354 (E.D. Pa. 2000) (citations omitted).

[2]There may be no need to consider the insurance coverage issue if Demco is not found liable under the LPLA. Indeed, it does not appear that Gemini is contesting its duty to defend Demco.

115]. McFarlin, however, has refused to dismiss his claims against Wyffels and Dealer's Choice. The only reasons McFarlin has given for his refusal are that the continued inclusion of those Defendants is part of the settlement agreement and their dismissal could result in Demco's assertion of a statute of limitations defense. However, Demco's counsel has clearly stated–both orally during the pretrial conference and in writing to the Court–that Demco will not raise any of the statute of limitations issues that McFarlin fears. The Court has a duty to consider whether parties who have settled can remain part of a case without intent to actively participate at trial.[3] Accordingly, the Court will DEFER ruling on the Motion to Drop Parties and issues the following orders instead.

First, Demco must file a stipulation that it will not pursue a statute of limitations defense into the record by Friday, August 12, 2016. After that stipulation is filed, the Court intends to *sua sponte* dismiss all claims against Wyfells and Dealer's Choice as moot.

Article III of the United States Constitution only gives federal courts the authority to adjudicate "cases" or "controversies." U.S. Const., Art. III, § 2. "Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 264 (5th Cir. 2008). If a case becomes moot, "a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). Mootness occurs when intervening events–such as settlement–rob the parties of their interest in the outcome. *See Horizon Bank & Trust v. Mass.*, 391 F.3d 48, 53 (1st Cir. 2004) (for proposition that settlement moots claim) (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994); *Lake Coal Co. v. Roberts & Schaefer*

---

[3]Neither party raised the issue of mootness given the settlement. However, because it bears on the question of subject matter jurisdiction, the Court may–indeed must–consider it *sua sponte*. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (citation omitted).

*Co.*, 474 U.S. 120 (1985) (per curium). Here, McFarlin has clearly settled his claims with Wyffels and Dealer's Choice. That these defendants may have agreed to remain in the matter until its conclusion is of no moment. They no longer have a stake in the outcome, and the Court lacks subject matter jurisdiction. *See* 13B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3533.2 (3d ed.) ("But if there is a settlement, the parties cannot avoid mootness by agreeing to continue litigation toward a judgment that will not be collected or otherwise pursued, or have any meaningful impact on the original dispute."). Any party wishing to contest that outcome has until **Monday, August 22, 2016**, to file a memorandum of law citing the Court to specific authority for the proposition that Wyffels and Dealer's Choice may remain Defendants in this suit despite the fact that there are no live claims against them and neither McFarlin nor these Defendants intend to present evidence at trial regarding the settled claims. If, after receiving such opposition, the Court is convinced that claims against Wyffels and Dealer's Choice are not mooted by settlement, it will issue a ruling on the Motion to Drop Parties.

### III. CONCLUSION

For these reasons, Demco's Motion to Sever is DENIED. Instead, the Court will separate the issue of insurance coverage under Rule 42(b) and hold a bench trial on that issue after the conclusion of the August 29, 2016 trial, if necessary.

Further, Demco's Motion to Drop Parties is DEFERRED. Instead, Demco must file its stipulation that it will not pursue a statute of limitations defense based on the dismissal of Wyffels and Dealer's Choice into the record by **Friday, August 12, 2016.**

Finally, the Court gives notice of its intent to *sua sponte* dismiss all claims against Wyffels and Dealer's Choice. Any party wishing to contest that outcome has until **Monday, August 22,**

**2016**, to file a memorandum of law.

MONROE, LOUISIANA, this 11th day of August, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE